852 F.2d 566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
The AMERICAN INSURANCE COMPANY; Robert Edwards Daniel,
Executor of the Estate of Robert N. Daniel, Jr.,
substitute for Robert N. Daniel, Jr.,
etc., Defendants-Appellants,
and
Ralph E. Hayes, d/b/a and as Receiver of Ralph E. Hayes
d/b/a Ralph Hayes Machinery Company, Defendant.
 No. 87-2179.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1988.
Decided: July 14, 1988.
 
 Andrew J. White, Jr. (Haynsworth, Marion, McKay & Guerard; Robert M. Ariail, Mitchell & Ariail, on brief), for appellants.
 Murray S. Horwitz (William S. Rose, Jr., Assistant Attorney General; Gary R. Allen, William S. Estabrook, Tax Division, Department of Justice; Vinton DeVane Lide, United States Attorney, on brief), for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Edwards Daniel, as executor of the estate of Robert N. Daniel, Jr., and his surety, The American Insurance Company (American), appeal an award based on unpaid employment and income taxes due the United States under the Internal Revenue Code, 26 U.S.C. Secs. 3101 et seq., 3301 et seq., 3401 et seq., and 6012; and the Federal Insolvency Statutes, 31 U.S.C. Secs. 191, 192 (revised and codified at 26 U.S.C. Sec. 3713). We affirm.
 
 I.
 
 2
 This case has a protracted history arising from the failure of Robert N. Daniel, Jr., as receiver, to pay employment and income taxes on behalf of the insolvent estate of Ralph Hayes, d/b/a Ralph Hayes Machinery Company and Ralph Hayes Textiles. The government brought suit to recover (1) post-petition employment taxes accrued during the receivership, (2) personal income taxes for 1973-74, and (3) pre-petition employment taxes accrued before the petition for receivership was filed.
 
 
 3
 The matter was referred to a magistrate who concluded that the receiver was personally liable under the Insolvency Statutes, and recommended that the government be awarded all the unpaid taxes.[1] The district court adopted the recommendation of the magistrate and entered judgment on all three claims. On appeal, this court reversed and remanded, finding that the wrong insolvency test had been applied and that the Insolvency Statutes were not applicable to post-petition taxes. United States v. Daniel, No. 83-1885 (4th Cir. July 17, 1984) (unpublished).
 
 
 4
 On remand the magistrate, applying the appropriate test, found that Hayes was insolvent at the inception of the receivership and again recommended that the government be awarded the pre-petition employment taxes. He also recommended that the income taxes and post-petition employment taxes be awarded under various provisions of the Internal Revenue Code. The district court adopted the recommendations and entered judgment against Daniel and American for all the unpaid taxes.
 
 II.
 
 5
 Daniel and American do not contest the award of pre-petition employment taxes under the Insolvency Statutes, but they do challenge the award of the income taxes and post-petition employment taxes under the Internal Revenue Code. They assert that the initial judgment relied solely on liability under the Insolvency Statutes which became the law of the case and limited the government on remand to recovery under sections 191 and 192. We find that the law of the case doctrine did not restrict the district court's authority on remand to also award those taxes legally due under the Internal Revenue Code.
 
 
 6
 As stated by the Supreme Court in Arizona v. California:
 
 
 7
 [L]aw of the case is an amorphous concept. As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. Law of the case directs a court's discretion, it does not limit the tribunal's power.
 
 
 8
 460 U.S. 605, 618 (1983) (citations omitted). More significantly, "[u]nder law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Id. at n. 8; see also Sejman v. Warner-Lambert Co., 845 F.2d 66, 68-69 (4th Cir.1988).
 
 
 9
 Daniel was clearly liable for income taxes and post-petition employment taxes under the Internal Revenue Code. Therefore, to the extent the initial judgment based liability solely on the Insolvency Statutes, it was clearly erroneous and would work a manifest injustice if not corrected.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 However, in discussing the "Applicable Law," the magistrate addressed 26 U.S.C. Secs. 3402-03 and 26 C.F.R. Sec. 1.6012-3(b)(5)